DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

### DURING THE YEAR 1905.

---

### Rippley Hardware Company v. O. F. Swanson.

The decision in this case is controlled wholly by the opinion in Welch v. Sykes, 3 Gilman, 197.

Action of debt. Appeal from the Circuit Court of Jersey County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

THOMAS F. FERNS, for appellant.

HAMILTON & HAMILTON, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

The declaration in this cause sets up the recovery of judgment for $40 and costs by appellee against appellant in the District Court of Page County, Iowa, and that the same is still in full force, etc. To the declaration the appellant filed five pleas, to wit: *nul tiel* record and four special pleas. The court sustained demurrers to each of the four special pleas. The cause was heard by the court without a jury and judgment rendered for plaintiff. The only question presented for our consideration is the sufficiency of the special pleas. The fourth and fifth are confessedly bad. The second and third are substantially alike, and set up that from the commencement of the suit in the District

(46)

Court of Iowa until the rendition of the judgment therein the defendant resided and had its office and business in the State of Illinois, and had no office or business in the State of Iowa, and that during all the time neither the defendant nor its officers, nor any of its duly authorized agents, were within the limits of the State of Iowa; that the defendant was never served with process in said suit and had no notice thereof, and never appeared in person nor by attorney, nor authorized any one to appear for it in said suit. These pleas are in substance precisely the same as pleas which were held to be good in Welch et al. v. Sykes, 3 Gilman, 197. The opinion in that case so fully and clearly considers the principles involved arising under the constitution, the laws and the rules of pleading, that we deem any discussion thereof by us wholly unnecessary. The demurrers to the second and third pleas should have been overruled. The judgment is reversed and the cause remanded.

*Reversed and remanded.*